UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>ERNESTINA M. SAXTON, M.D.,<br><br>Respondent. | CASE NO.  1:20-cv-01278-AWI-SKO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**<br><br>**(Doc. No. 9)** |

On September 4, 2020, the United States of America (the "Government") filed a petition to enforce United States Drug Enforcement Administration ("DEA") administrative subpoena R9-19-179200 (the "Petition") against Ernestina M. Saxton, M.D. ("Respondent"). Doc. No. 1. Respondent filed an opposition on October 2, 2020. Doc. No. 5. The Government replied on October 9, 2020. Doc. No. 6. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 10, 2020, the assigned magistrate judge issued findings and a recommendation that the Government's Petition to enforce the subpoena be granted. Doc. No. 9. Specifically, the magistrate judge found that the subpoena is not overly broad or unduly burdensome; no showing of probable cause was required to issue the subpoena; and Respondent lacks standing to assert the Fourth Amendment rights of her third-party patients whose records were sought through the subpoena. Id. The findings and recommendation provided that any party

1

could file objections thereto within 21 days. Id. at 9. On December 30, 2020, Respondent timely filed objections. Doc. No. 10. The Government filed a response to those objections on January 13, 2021. Doc. No. 11.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the file, the Court finds that the magistrate judge's findings with respect to breadth, burden and probable cause are supported by the record and proper analysis, and therefore adopts them without modification.

As to the rights of third-party patients, the magistrate judge essentially found that the Fourth Amendment does not bar enforcement of the subpoena because Fourth Amendment rights cannot be vicariously asserted. Doc. No. 9 at 3:1-14. The Court concurs with the magistrate judge's finding that enforcement of the subpoena is not barred by the Fourth Amendment, but for different reasons.

Regardless of whether Fourth Amendment rights can be asserted vicariously, Ninth Circuit case law appears to allow for giving consideration to the privacy rights of third parties in connection with the enforcement of administrative subpoenas. See United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1116 (9th Cir. 2012) ("Depending on the circumstances or the type of information, a company's guarantee to its customers that it will safeguard the privacy of their records might suffice to justify resisting an administrative subpoena."); U.S. E.E.O.C. v. McLane Co., 804 F.3d 1051, 1058 (9th Cir. 2015), vacated on other grounds and remanded sub nom. McLane Co. v. E.E.O.C., 137 S. Ct. 1159 (2017), as revised (Apr. 3, 2017) (weighing privacy of employee social security numbers in motion brought by the Equal Employment Opportunity Commission to enforce administrative subpoena in discrimination investigation); see also, In re Gimbel, 77 F.3d 593, 599 (2d Cir. 1996) (stating that "non-parties will generally be accorded more protection from sweeping administrative subpoenas"); In re McVane, 44 F.3d 1127, 1137 (2d Cir. 1995) ("Concern for [] privacy rights has at times caused this court to be more reluctant to enforce subpoenas when agencies have sought records of third parties who were not targets of the agency's investigation."). Thus, the Court cannot disregard the privacy rights of Respondent's patients in deciding this motion.

That said, courts have consistently found that privacy rights involving medical and other personal records are outweighed by public interest in law enforcement, such as the DEA's interest here in policing controlled substances. See, e.g., United States v. California, 2019 WL 2498318, at *1-*2 (S.D. Cal. Mar. 26, 2019), reconsideration denied, 2019 WL 2498312 (S.D. Cal. May 9, 2019) (enforcing administrative subpoena for "sensitive patient information including the records of all prescriptions for controlled substances" in connection with "investigation into the possible diversion of fentanyl" under the federal Controlled Substances Act); Becker v. Kroll, 494 F.3d 904, 916-17 (10th Cir. 2007) (administrative subpoena for medical records of neurologist's patients "not unreasonable under the Fourth Amendment" in investigation of Medicaid fraud); In re Subpoena Duces Tecum, 228 F.3d 341, 351 (4th Cir. 2000) (finding that government interest in "identifying illegal activity and in deterring future misconduct" outweighed "the privacy rights of those whose [medical] records were turned over to the government"); see also, Univ. of Pennsylvania v. E.E.O.C., 493 U.S. 182, 189-92 (1990) (denying protection to tenure-review materials for five faculty members in connection with discrimination investigation); Whalen v. Roe, 429 U.S. 589, 592-93, 600 (1977) (upholding state law collecting names and addresses of patients who received prescriptions for certain controlled substances); Williams v. Superior Ct., 3 Cal. 5th 531, 554–55 (2017) (stating that a "complete bans on disclosure to vindicate privacy interests … may significantly hamper the ability of aggrieved employees, deputized by the state, to assist in broad and effective enforcement of the labor laws"). The Court sees no material distinction between the records at issue here and the records at issue in cases finding that disclosure of third-party data was warranted, and thus, the Court will adopt the magistrate judge's recommendation that the DEA's petition to enforce administrative subpoena R9-19-179200 be granted.

//
//
//
//
//

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation dated December 10, 2020 (Doc. No. 9) are ADOPTED, subject to the analysis set forth in this order;

2. The Government's petition to enforce DEA administrative subpoena R9-19-179200 (Doc. No. 1) is GRANTED; and

3. Respondent must comply within 30 days of this order, absent a contrary agreement of the parties or further order of the Court.

IT IS SO ORDERED.

Dated: __August 10, 2021__           _____
                                    SENIOR DISTRICT JUDGE