# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cv-01278-AWI-SKO |
| Petitioner, | **ORDER VACATING HEARING AND GRANTING RENEWED MOTION TO WITHDRAW** |
| v. | |
| | (Doc. 22) |
| ERNESTINA M. SAXTON, M.D., | |
| Respondent. | |

On July 26, 2022, Timothy J. Buchanan of McCormick Barstow Sheppard Wayte & Carruth ("Attorney Buchanan"), attorney for Respondent Ernestina M. Saxton, M.D. ("Saxton"), filed his renewed motion to withdraw. (Doc. 22.) Pursuant to the Court's order entered July 13, 2022, the Court directed Petitioner United States of America (the "Government") to file an opposition or statement of non-opposition to the motion by August 2, 2022, and Attorney Buchanan to file an optional reply by August 5, 2022. (Doc. 21.) The Government timely filed a statement of non-opposition (Doc. 23), and no reply was filed. The matter is therefore deemed unopposed and shall be submitted on the papers. *See* E.D. Cal. Local Rule 230(g). Accordingly, the hearing on the motion set for September 7, 2022, is hereby VACATED.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, Attorney Buchanan's renewed motion will be granted.

# I. BACKGROUND

In this action, the Government brought a petition for judicial enforcement of a Drug Enforcement Administration ("DEA") subpoena that was served on Saxton on December 7, 2018. (*See* Doc. 1.)

The Court issued an order granting the petition on August 10, 2021 (Doc. 15), and issued an order administratively closing the case on August 23, 2021, with the expectation that Saxton would comply with the order and on the grounds that the only dispute before the Court had been resolved. (Doc. 17.)

At one point, Saxton had two attorneys of record in this case: Derek O'Reilly-Jones of Bonne Bridges Mueller O'Keefe & Nichols ("Attorney O'Reilly-Jones") and Attorney Buchanan. Attorney O'Reilly-Jones filed a motion to withdraw as counsel on February 15, 2021. (Doc. 12.) That motion was granted—and Attorney O'Reilly-Jones was terminated as counsel of record on the docket—on February 16, 2021. (Doc. 13.) Attorney Buchanan remained the attorney of record.

Attorney Buchanan then filed a motion to withdraw as counsel on July 29, 2021. (Doc. 14.) The United States filed a statement of non-opposition on August 18, 2021. (Doc. 16.) That motion was denied as moot on August 24, 2021, after the petition to enforce the DEA subpoena had been granted and the case had been administratively closed. (Doc. 18.)

On June 6, 2022, the Government filed a motion for civil contempt (noticed for a July 18, 2022, hearing), asserting that Saxton has not complied with the August 10, 2021, order enforcing the DEA subpoena and seeking a $300 daily fine until she complies. (Doc. 19.)

Attorney Buchanan filed a notice of withdrawal on June 8, 2022. (Doc. 20.) The motion stated he and his firm withdrew from representing Saxton "on or before August 23, 2021" (when the case was administratively closed), in addition to requesting removal from the ECF notification list and requesting that no further papers be served on him (or his firm) in connection with the case. (*Id*.)

In an order issued July 13, 2022, the Court found that Attorney Buchanan had not properly withdrawn as counsel, since his motion to withdraw was denied. The Court directed Attorney Buchanan to file a new motion to withdraw, and vacated the hearing on the Government's civil

2

contempt motion, to be reset once any motion to withdraw has been decided. (Doc. 22.) In response to this order, Attorney Buchanan filed the instant renewed motion to withdraw.

## II. DISCUSSION

In Attorney Buchanan's declaration in support of his renewed motion, he states that he was retained by Saxton to serve as local counsel to assist Attorney O'Reilly-Jones, who was acting as lead counsel. (Doc. 22-2 ¶¶ 4–5.) The terms of this retention were set forth in a "Legal Services Agreement" between Saxton and Attorney Buchanan. (*Id.* ¶ 5.) Attorney Buchanan states that in light of Attorney O'Reilly-Jones' withdrawal, his continued representation would exceed the agreed-upon scope of his "limited representation" of Respondent, and that he lacks the requisite "expertise to act as sole counsel to represent clients in criminal or quasi-criminal matters like this (DEA subpoena compliance)." (*Id.* ¶ 7.)

Attorney Buchanan also advised Saxton of his intention to withdraw "at various points in February through July 2021" and has provided her names and contact information of potential counsel. (Doc. 22-2 ¶ 6, 8.) To his knowledge, Saxton has not retained counsel as of the date of filing the renewed motion.

### 1. Legal Standard

Permissive withdrawal as attorney of record is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. Local Rule 182(d). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of

3

1   the representation." Grounds for withdrawal also exist where "the client by other conduct renders
2   it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof.
3   Conduct 1.16(b)(4). Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall
4   not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably
5   foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit
6   the client to retain other [attorney(s)], and complying with paragraph (e)."[1]

7   In the Ninth Circuit, the California Rules of Professional Conduct are interpreted according
8   to California state law. *Williams v. Troehler*, No. 1:08–cv–01523–OWW–GSA, 2010 WL
9   11570438, at *2 (E.D. Cal. June 23, 2010) (citing *Image Technical Services, Inc. v. Eastman Kodak
10  Co.*, 820 F. Supp. 1212, 1215 (N.D. Cal. 1993)). The decision to grant or deny a motion to
11  withdraw as attorney is committed to the sound discretion of the trial court. *Id.* (citing *LaGrand v.
12  Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)); *Estate of Falco*, 188 Cal. App. 3d 1004, 1014 (1987)
13  ("[A] trial court should have broad discretion in allowing attorneys to withdraw").

14  **2.      Analysis**

15  First, Attorney Buchanan has complied with this Court's Local Rule 182(d). He provided
16  Saxton notice of his intent to withdraw as early as February 2021, to allow her time to retain another
17  attorney. He has assisted her in those efforts, to no avail, and provided Saxton's last known address
18  in his declaration. (*See* Doc. 22-2 ¶ 26.)

19  Next, Attorney Buchanan motion demonstrates the substantive requirements for withdrawal
20  under the Rules of Professional Conduct. The Rules permit withdrawal where "a continuation of
21  the representation is likely to result in a violation of [the] rules or the State Bar Act." Cal. R. Prof.
22  Conduct 1.16(b)(9). Here, Attorney Buchanan believes his continued representation of Saxton
23  without having the requisite expertise in "law enforcement investigatory matters" potentially places
24  him in violation of California Rule of Professional Conduct 1.1(c), which permits a lawyer to
25  provide competent representation by associating with counsel who possesses learning and skills
26  the lawyer does not have himself or herself.[2] (Doc. 22-1 at 8.) According to Attorney Buchanan,

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

[2] Rule 1.1(c) provides: "If a lawyer does not have sufficient learning and skill when the legal services are undertaken, the lawyer nonetheless may provide competent representation by (i) associating with or, where appropriate,

he did not need to associate with counsel at the time he was retained, as Attorney O'Reilly-Jones, who possessed the necessary experience and expertise in the area of law presented by the DEA subpoena and the enforcement petition, was already in place. (*Id*. at n.3.) Now that Attorney O'Reilly-Jones has withdrawn, that expertise is lacking. (*Id*.) The Court finds that this reason constitutes good cause for withdrawal. *See In re Sanders*, 21 Cal. 4th 697, 712 (1999) (observing that "if . . . counsel in this case found himself overextended, he should have sought help by associating other counsel to assist him in complying with his legal obligations ***or filed a motion to withdraw as attorney of record***.") (citing previous version of Cal. R. Prof. Conduct 1.1(c)) (emphasis added).

The Court also finds Attorney Buchanan has taken reasonable steps to avoid reasonably foreseeable prejudice to Saxton's rights in accordance with Rule of Professional Conduct 1.16(d). As set forth above, he gave Saxton notice of his intention to withdraw over a year ago, which gave her ample time to secure new counsel. He has also assisted Saxton in those efforts, albeit unsuccessfully.

Finally, with respect to whether the Government will be prejudiced by the motion to withdrawal, the Government has filed a statement of non-opposition to the motion. (*See* Doc. 23.) The Court further notes that the Government may notice a new hearing date for its civil contempt motion upon resolution of the instant motion. (*See* Doc. 21.) Accordingly, the Court finds any prejudice to the Government is negligible.

For the reasons set forth above, the Court shall grant the renewed motion to withdraw. The Court notes that upon her attorney's withdrawal, Saxton will be proceeding *pro se* and will be responsible for the defense of this action even if she fails to retain a new attorney. A failure to comply with an order of the Court or with the applicable rules may result in sanctions.

### III. CONCLUSION AND ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1. The renewed motion to withdraw (Doc. 22) is GRANTED;

---

professionally consulting another lawyer whom the lawyer reasonably believes to be competent, (ii) acquiring sufficient learning and skill before performance is required, or (iii) referring the matter to another lawyer whom the lawyer reasonably believes to be competent."

2. The Clerk of Court is ORDERED to RELIEVE Timothy J. Buchanan of McCormick Barstow Sheppard Wayte & Carruth, LLP as attorney for Respondent Ernestina M. Saxton, M.D. as of the date of this order[3];

3. Attorney Buchanan SHALL serve a copy of this order on Saxton and SHALL inform Saxton that he has withdrawn. Within two (2) days of the date of the order, Attorney Buchanan SHALL file a declaration indicating proof of service;

4. The Clerk SHALL UPDATE THE DOCKET to reflect Saxton's *pro se* status and her last known address of 2135 West Beechwood Avenue, Fresno, CA 93711 (*see* Doc. 22-2 ¶ 26); and

5. To the extent the Government wishes to pursue its civil contempt motion, it SHALL re-serve the motion and any notice of hearing on Saxton at the address indicated above.

IT IS SO ORDERED.

Dated:   **August 9, 2022**               /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[3] Attorney Buchanan asserts in his renewed motion that his withdrawal "should be seemed retroactive to August 24, 2021, the date of the denial of the prior motion as moot" because "the mootness finding necessarily was an order that counsel need not withdraw." (Doc. 22-1 at 10.) However, this Court, through the assigned district judge, already determined that there is "no basis for what appears to be [Attorney] Buchanan's implicit assumption that administrative closure automatically terminates counsel." (Doc. 21 at 2.) Attorney Buchanan has not sought reconsideration of this ruling by the assigned district judge, and the undersigned will not disturb it here.