UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Petitioner,<br><br>   v.<br><br>ERNESTINA M. SAXTON, M.D.,<br><br>   Respondent. | CASE NO. 1:20-cv-01278-AWI-SKO<br><br>**ORDER GRANTING PETITIONER'S RENEWED MOTION TO HOLD RESPONDENT IN COMTEMPT**<br><br>(Doc. Nos. 19 & 25) |

Petitioner United States of America renews the motion it originally filed on June 6, 2022 to hold Respondent Ernestina M. Saxton, M.D. in contempt. Doc. No. 25; see also Doc. No. 19. The motion has been fully briefed and deemed suitable for decision without oral argument pursuant to Local Rule 230(g). Doc. No. 29. For the reasons set forth below, the motion will be granted.

**BACKGROUND**

On September 4, 2020, the United States filed a petition in this Court to enforce, against Saxton, Drug Enforcement Administration ("DEA") subpoena R9-19-179200 (the "Subpoena"), which seeks, in connection with an investigation into possible violations of the federal Controlled Substances Act, records relating to prescriptions and other medical treatment provided to 25 of Saxton's patients. Doc. No. 1.

On August 10, 2021, the Court granted the petition and ordered Saxton to comply with the Subpoena within 30 days (by September 9, 2021), absent contrary agreement of the parties or

further order of the Court (the "Order"). Doc. No. 15 at 4:2-8. In addition, the Court administratively closed the case on August 23, 2021 with the expectation that Saxton would comply with the Order and that consequently, there would be no other issues for the Court to resolve.[1] Doc. No. 17.

Saxton did not produce any records to the United States in response to the Order, Doc. No. 25-2 ¶2, and on October 26, 2021, the United States Attorney for the Eastern District of California sent Saxton a letter stating that the United States would file a motion to hold Saxton in contempt if she did not comply with the Order by November 5, 2021. Id. at 4.[2]

Saxton responded on November 8, 2021 with a letter stating that she was in the process of seeking new counsel in this matter and that she had "suffered severe exacerbation" of a shoulder injury in attempting "to lift, carry and copy charts on September 6, 2021." Doc. No. 25-2 at 8.[3] The letter further states that the injury required multiple forms of treatment and that Saxton's "physician [would] determine when [Saxton would] be able to comply with [the] subpoena." Id. The signature block at the end of the letter indicates that Saxton holds an M.D. and Ph.D. and that she is a clinical professor emerita of neurology at the David Geffen School of Medicine at the University of California, Los Angeles. Id. Finally, putative medical records enclosed with the letter indicate that a doctor found on September 10, 2021 that Saxton could do "light duty work" that included "limited typing" and lifting objects up to ½ lbs. in weight. Id. at 9, 13.

On February 25, 2022, the United States Attorney sent a second letter to Saxton noting that more than five months had passed since the compliance date set in the Order and stating that the United States would file a contempt motion if Saxton did not comply with the Order by March 11, 2022. Doc. No. 25-2 at 17.

On August 31, 2022, Jerome C. Zamarian Financial Services sent a check in the amount of $10,000 to the United States Attorney, with a cover letter stating only that the check was sent "per

---

[1] The Court will reopen this case for purposes of deciding this motion, enforcing sanctions against Saxton and addressing related issues.
[2] The letter was sent via certified U.S. mail to: Ernestina M. Saxton, M.D., 2135 West Beechwood Avenue, Fresno, California 93711. Doc. No 25-2 at 6.
[3] The letter was sent to the United States Attorney's Office via FedEx with the following return address: Ernestina Saxton, 2135 W. Beechwood Avenue, Fresno, CA 93711. Doc. No. 25-2 at 14. The letterhead reads as follows: Ernestina H. Saxton, M.D., Ph.D, 347 East Barstow Avenue, Suite 102, Fresno, CA 93710. Id. at 8.

request of Dr. Ernestina Saxton." Doc. No. 26-1 at 5. There has not been any other communication between the United States and Saxton regarding the Subpoena or the Order since the Order was issued. See Doc. No. 26 at 2:3-6.

On June 6, 2022, the United States filed a motion, with a July 18, 2022 hearing date, to hold Saxton in contempt for failing to comply with the Order. Doc. No. 19. On July 13, 2022, the Court vacated the July 18, 2022 hearing date to allow additional time to address complications relating to the withdrawal of Saxton's attorney of record, Timothy Buchanan. Doc. No. 21. In doing so, the Court stated that the United States may notice a new hearing date for its contempt motion once the withdrawal issue had been resolved. Id. at 3:22-24. On August 10, 2022, Buchanan's motion to withdraw was granted, Doc. No. 24, and the United States renewed its contempt motion with a September 19, 2022 hearing date. Doc. No. 25.[4] Saxton did not file an opposition to the renewed contempt motion and the United States filed a reply in further support of the renewed motion on September 2, 2022. Doc. No. 26.

The United States now seeks an order holding Saxton in contempt and imposing a

---

[4] On September 7, 2022, Buchanan filed a declaration with the Court stating that he did not receive either the August 10, 2022 order granting his motion to withdraw or the renewed contempt motion that the United States filed on August 10, 2022 until September 7, 2022. Doc. No. 28. His declaration further states that he served both the order and the motion on Saxton on September 7, 2022 via U.S. mail and hand-delivery at two addresses—2135 West Beechwood Avenue, Fresno, California 93711 and 347 E. Barstow Avenue, Suite 102, Fresno, California 93710—in addition to emailing them to Saxton at an email address he knew to be functional. Id.

The delay in Buchanan's receipt (and subsequent service) of the August 10, 2022 filings has no bearing on this motion since the Court served the August 10, 2022 order on Saxton via U.S. mail at the West Beechwood Avenue address, Doc. No. 24, and the United States served the renewed contempt motion on Saxton via certified and regular U.S. mail at both the West Beechwood Avenue address and the E. Barstow Avenue address, which are the only two addresses for Saxton that, to the Court's knowledge, have emerged in this case. Doc. No. 25-3. The West Beechwood Avenue address is Saxton's address of record in this case (as furnished by Buchanan) and as referenced above, correspondence between the United States and Saxton in 2021 and 2022 confirms that Saxton makes use of both the West Beechwood Avenue address and the E. Barstow Avenue address. Further, Buchanan states in a declaration that he notified Saxton of his intent to withdraw as her attorney prior to July 26, 2022, Doc. No. 22-2 ¶ 24, and Saxton's November 8, 2021 letter to the United States Attorney states that she was no longer represented by counsel in this case. Doc. No. 25-2 at 8. In addition, the United States served the reply in further support of its renewed contempt motion on Saxton via certified U.S. mail at both the West Beechwood Avenue address and the E. Barstow Avenue address on September 2, 2022, Doc. No. 26-1, and as noted above, Buchanan conveyed the August 10, 2022 filings to Saxton via U.S. mail, hand-delivery and email more than six weeks ago. Doc. No. 28 ¶ 9. Finally, the Court is inclined to agree with the United States's theory that the $10,000 check Saxton apparently had sent to the United States Attorney on August 30, 2022 was in some way related to the request for sanctions in the renewed contempt motion. See Doc. No. 26 at 2:7-14. In short, all indications are that Saxton received notice of the motion at bar (on multiple occasions and through multiple channels) and simply elected not to respond to it (much as she elected to ignore the Order and, before that, the lion's share of the Subpoena).

continuing sanction of $300 per day on Saxton until she complies fully with the Order.

**DISCUSSION**

Courts "have inherent power to enforce compliance with their lawful orders" through civil contempt orders. Shillitani v. United States, 384 U.S. 364, 370 (1966); Shell Offshore Inc. v. Greenpeace, Inc., 815 F.3d 623, 629 (9th Cir. 2016). Civil contempt includes "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir.1993)) (internal quotation marks omitted).

Where a party is found to be in civil contempt of an order, a court may impose a "conditional fine[]" to coerce compliance. Shell Offshore Inc., 815 F.3d at 629. The fine is "conditional" because the contemnor can avoid—or at least limit—the fine simply by complying with the order in question. See Hicks v. Feiock, 485 U.S. 624, 633–634, n.6 (1988). In other words, a contemnor subject to a conditional fine for civil contempt "carries the keys of his prison in his own pocket," so to speak. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) (quoted source and internal quotation marks omitted).

To establish civil contempt in this case, the United States must show, by clear and convincing evidence, that Saxton violated the Order "beyond substantial compliance" and "not based on a good faith and reasonable interpretation of the [Order]." United States v. Bright, 596 F.3d 683, 694 (9th Cir. 2010). As noted above, the Subpoena (which was issued more than three-and-a-half years ago) calls for production of medical records relating to 25 of Saxton's patients in connection with an ongoing investigation of possible violations of the Controlled Substances Act. Doc. No. 1-1. The record plainly shows—without contradiction—that Saxton has not produced any medical records for more than two thirds of the patients covered by the Subpoena and that she has not produced any records at all (or taken any other action of consequence) in response to the Order in the year or so since it was issued. Doc. No. 1-3 ¶ 3; Doc. No. 26 at 2:15-16. There is no basis in the Order for unilaterally delaying production of records for any period of time (let alone a year) due to lack of counsel or injury. Indeed, the Order expressly states that further Court order or

agreement of the parties is required to alter the performance deadline. And even allowing for the possibility of an implied extension for exigent circumstances (which does not exist), the Court does not see how Saxton's shoulder injury—which came late in the compliance window and allowed for "light work"—precluded her from complying with the Order in a timely fashion, either on her own or with assistance of some sort. See Reno Air Racing, 452 F.3d at 1130 (requiring "all reasonable steps within [a] party's power to comply" with a court order). In short, it could not be more evident that there has been no compliance—let alone "substantial compliance"—with the Order and that there is no "good faith and reasonable interpretation" of the Order that could justify Saxton's complete inaction (or her peculiar view that it was her physician's prerogative to decide when she would comply with Order). The Court will therefore hold Saxton in contempt. See Bright, 596 F.3d at 694.

The Court also agrees with the United States that a sanction in the amount of $300 per day is warranted. When imposing a coercive sanction for civil contempt, a court must "consider the character and magnitude of the harm threatened by continued contumacy" and "the probable effectiveness of [the] sanction in bringing about the result desired," as well as the contemnor's "financial resources and the consequent seriousness of the burden" to the contemnor. United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947). Given the great deal of time that has passed since the Order was issued, the categorical nature of Saxton's defiance of the Order, and Saxton's failure to act in response to the letters or the renewed contempt motion, a sanction is plainly required to secure compliance with the Order. Failure to secure compliance with the Order would reward Saxton's impudence, undercut the authority and efficient operations of this Court, and compromise both the Saxton investigation and other DEA investigations into the unlawful distribution of dangerous substances that bear on the health and safety of countless Americans. Moreover, it appears a weighty sanction is necessary to prompt action on Saxton's part given the magnitude of the penalties Saxton faces if convicted for one or more violations of the Controlled Substances Act, see Doc. No. 25-1 at 5:13-20; her apparent willingness to part with $10,000 to cover fines, Doc. No. 26 at 2:2-14; and her generally defiant and dismissive posture with respect to this case.

Finally, the sanction the United States is seeking is consistent with coercive sanctions imposed by other federal courts in California, see United States v. Torrance, 2020 WL 6337707, at *4 (E.D. Cal. Oct. 29, 2020), report and recommendation adopted, 2020 WL 7342715 (E.D. Cal. Dec. 14, 2020) (collecting cases), and any concerns as to the burden the sanction could place on Saxton are outweighed, in the Court's view, by the fact that Saxton appears to have achieved a significant degree of success professionally; has not argued for a smaller amount (or otherwise contested the sanction); and has the ability to stop the daily fine from accruing simply by complying with the Order. To eliminate any risk of undue burden on Saxton, the Court will stay the sanction for seven days from the date on which this order is signed, such that Saxton can avoid the sanction completely if she fully complies with the Order in that period. If, however, Saxton does not fully comply with the Order within that period, the accrual of the sanction will date back to the signature date of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the United States of America's renewed motion to hold Ernestina M. Saxton, M.D. in contempt (Doc. No. 25) is GRANTED as follows:

1. The Court holds Saxton in contempt for failing to comply with the Court's August 10, 2021 order (the "Order") (Doc. No. 15) requiring full compliance with DEA subpoena R9-19-179200;

2. If Saxton fails to comply with the Order in full within seven days of the date on which this order is signed, Saxton will be assessed a sanction payable to the Clerk of Court that will accrue in the amount of $300 per day until Saxton is in full compliance with the Order, running from the signature date of this Order; and

3. The Clerk of Court is directed to reopen this case.

IT IS SO ORDERED.

Dated:   October 24, 2022                                   /s/ signature

                                                      SENIOR DISTRICT JUDGE