UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:20-cv-01278-ADA-SKO |
|---|---|
| Petitioner, | |
| v. | ORDER FINDING RESPONDENT IN CIVIL CONTEMPT OF ORDERS ISSUED AUGUST 10, 2021, OCTOBER 24, 2022, JUNE 5, 2023, JUNE 15, 2023, AND JUNE 27, 2023; AND GRANTING PETITIONER'S MOTION TO HOLD RESPONDENT IN FURTHER CONTEMPT |
| ERNESTINA M. SAXTON, | |
| Respondent. | |
|  | (ECF Nos. 15, 30, 33, 37, 40, 42) |

This matter is before the Court on the Motion to Hold Respondent Ernestina Saxton in Further Contempt (ECF No. 33) for failure to comply with the Court's orders issued August 10, 2021 (ECF No. 15), October 24, 2022 (ECF No. 30), and June 5, 2023 (ECF No. 37), directing her to comply with a subpoena from the Drug Enforcement Administration (DEA).  On June 5, 2023, that motion came before the Court for hearing, where the Court ordered Respondent to comply with the subpoena by June 9, 2023.  (ECF No. 37.)  Respondent submitted only four of eighteen files, failing to fully comply with the Court's order.  (ECF Nos. 38, 39.)  On June 15, 2023, the Court issued an order for Respondent to submit the remaining files by June 20, 2023.  (ECF No. 40.)  On June 20, 2023, the government filed a Notice of Respondent's Continuing Failure to Comply and

renewed its request for coercive imprisonment sanctions. (ECF No. 41.) On June 27, 2023, the Court issued an order for Respondent to personally appear at a hearing set for July 6, 2023, with the requisite records. (ECF No. 42.) Respondent failed to appear.

The Court holds Respondent in further contempt for her failure to comply with its orders. A bench warrant shall issue for the arrest of Respondent.

## BACKGROUND

On September 4, 2020, the government petitioned the Court to enforce a DEA Administrative subpoena served on Respondent on December 7, 2018. (ECF No. 1.) In its petition, the government stated the DEA "is conducting an investigation concerning possible violations of the federal Controlled Substances Act, 21 U.S.C. § 801 et seq., by Respondent Ernestina M. Saxton, M.D. . . . demand[ing] the production of specified records related to medical treatment and prescriptions for controlled substances for 25 of Dr. Saxton's patients. Of these 25, Dr. Saxton agreed to produce records for only seven patients," which had already been previously produced in a prior investigation. (*Id*. at 1–2.) Respondent stated, "through her counsel, that she will not produce the [remaining] requested information." (*Id*. at 2.) On August 10, 2021, the Court issued an order adopting findings and recommendations recommending the Court grant the government's petition to enforce the DEA subpoena. (ECF No. 15.) The Court ordered Respondent to comply with the DEA subpoena within 30 days of the order. (*Id*. at 4.) On June 6, 2022, the government moved to hold Respondent in contempt for failure to comply with the Court's August 2021 order, arguing the Court should impose a $300-a-day fine as a coercive compliance measure. (ECF Nos. 19, 19-1.) The government renewed its motion on August 10, 2022. (ECF No. 25.) The Court, without a hearing (ECF No. 29), granted the government's renewed motion to hold Respondent in contempt on October 25, 2022, ordering Respondent to comply within seven days or face a $300 daily sanctions payment (ECF No. 30).[1] In her Declaration, AUSA Colleen Kennedy stated that Respondent sent the Department of Justice a check for $10,000 upon receiving a warning letter from their office regarding compliance with the subpoena and the mounting, daily contempt fines.

---

[1] Respondent was not represented by counsel when this order to find her in contempt was issued, all of her former counsel withdrew.

(ECF No. 33-2.) Respondent failed to timely comply with the Court's order and has still not complied; she now owes over $75,000 in fines. (ECF Nos. 41, 45.)

On March 9, 2023, the Court issued an Order to Show Cause for why the matter should not be dismissed given Respondent was held in contempt and ordered to pay sanctions until she came into compliance with the DEA subpoena. (ECF No. 31.) The government responded to the Court's order on March 17, 2023, stating, "This action should not be dismissed because Respondent Ernestina M. Saxton, M.D. continues to flout both this Court's August 10, 2021, order requiring compliance with DEA administrative subpoena R9-19-179200 (Dkt. 15), and this Court's subsequent October 25, 2022, order holding her in contempt (Dkt. 30)." (ECF No. 32 at 1.) The following week, the government moved to hold Respondent in Further Contempt, setting a hearing for May 1, 2023. (ECF No. 33.)

The hearing was postponed to June 5, 2023. (ECF No. 35.) Attorney Colleen M. Kennedy appeared on behalf of Petitioner, United States of America. (*See* Docket.) The Court ordered Respondent to personally appear for this hearing (ECF No. 36), and Respondent appeared in pro per (ECF No. 37). On the record, Respondent stated she knows which records Petitioner is requesting; has all of those records; knows the location of those records; and could employ the assistance of her spouse, medical assistant, and DEA Diversion Investigator to assist her in retrieving the records. (*Id*.) At the hearing, the Court ordered Respondent to produce the requested documents to the United States Attorney's Office on the 4th Floor of the Fresno District Court in Fresno, CA, by Friday, June 9, 2023, at 10:00 am; or else face remand until she produced the records. (*Id*.) Respondent agreed to provide the records. (*Id*.) Further, the Court directed Petitioner to file a status report disclosing whether Respondent complied with the order on June 9, 2023. On June 9, 2023, Petitioner reported that Respondent failed to fully comply with the Court's orders. (ECF No. 38.) On June 15, 2023, the Court ordered Respondent to fully comply with its June 5, 2023, Order. (ECF No. 40.) On June 20, 2023, Petitioner filed a Notice of Noncompliance, reporting the Respondent had, again, failed to fully comply with the Court's orders and requested further action from the Court. (ECF No. 41.) Finally, Respondent failed to comply with the Court's order on June 27, 2023. (ECF No. 42.)

## LEGAL STANDARD

Section 401 of Title 18 of the United States Code imbues the Court with the power to hold parties in contempt of court. It states, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401. "Courts thus have embraced an inherent contempt authority" (*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994) (*Mine Workers*)), and "[a] court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding" (*Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976)).

"Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) and *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 448–49 (1911)). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Mine Workers*, 512 U.S. at 827. If "the contemnor has no subsequent opportunity to reduce or avoid [imprisonment] through compliance[,]" the measure is not coercive, but punitive, and no longer considered civil contempt imposable without the protections of the criminal process. *Id.* at 829. "Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." *Id.* at 831. This includes the civil contempt sanction of coercive imprisonment. "Such coercion, where the defendant carries the keys to freedom in [her] willingness to comply with the court's directive, is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees." *Uphaus v. Wyman*, 360 U.S. 72, 81 (1959).

"The party alleging civil contempt must demonstrate that the alleged contemnor violated

the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence."[2] *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). Further, the moving party must establish "'(1) that [the respondent] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order . . . .'" *Lab./Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009).

"An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citations omitted). "Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey." *Id*. (internal quotation marks omitted) (citing *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996)).

**DISCUSSION**

Coercive imprisonment constitutes a civil contempt sanction in this circumstance. 18 U.S.C. § 401 authorizes the Court to impose contempt sanctions as Respondent has failed to obey the Court's August 2021 order to comply with the DEA subpoena. As the docket shows and as highlighted by Petitioner, Respondent has "flouted" the Court's order for over a year, accruing over $75,000—and counting—in civil contempt fines. (ECF Nos. 33-2, 37, 45.) Further, Respondent stated through her counsel that she had no intention of complying with the DEA subpoena, although, on the record, she demonstrated she has the ability to obey the Court's order. (*Id*.) These facts establish, by clear and convincing evidence that Respondent willfully violated validly-issued court orders without good cause. Because the Court has already imposed a fine that Respondent has also failed to pay, civil imprisonment remains the only option to coerce Respondent into compliance. This sanction is designed to compel compliance in the future and will be vacated as soon as Respondent provides the documents subpoenaed; thus, Respondent holds the keys to her

---

[2] The clear and convincing standard "'requires that the government "prove [its] case to a higher probability than is required by the preponderance-of-the-evidence standard." [Citation.] Under this standard, the factfinder must have "an abiding conviction that the truth of [the] factual contentions" at issue is "highly probable." [Citation]; see also Black's Law Dictionary 698 (11th ed. 2019) (clear and convincing evidence requires "indicating that the thing to be proved is highly probable or reasonably certain").'" *United States v. Lonich*, 23 F.4th 881, 916 (9th Cir. 2022).

own freedom.  Accordingly, this is a civil contempt sanction in this circumstance and may be issued without the typical protections afforded during criminal proceedings.

## CONCLUSION

Based upon this evidence—which Respondent has not attempted to rebut—the Court finds that Petitioner has demonstrated by clear and convincing evidence that Respondent has failed to comply with the Court's August 2021, October 2022, and both June 2023 Orders.  (ECF Nos. 15, 30, 37, 38, 40, 41.)  Respondent has provided no indication that she is presently unable to obey these orders, nor is the Court aware of any facts that would support such a conclusion.

Accordingly,

1. The Court finds Respondent Ernestina M. Saxton in civil contempt of this Court for her failure to comply with the Court's orders (ECF Nos. 15, 30, 37, 40);
2. A bench warrant for the arrest of Respondent Ernestina M. Saxton shall issue; and
3. Following arrest, Respondent Ernestina M. Saxton is to be brought before this Court for hearing on the remedies for her civil contempt.

IT IS SO ORDERED.

Dated:   July 6, 2023

UNITED STATES DISTRICT JUDGE