UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:20-cv-01278-ADA-SKO |
| Petitioner, | |
| v. | ORDER OF RELEASE FOLLOWING HEARING ON REMEDIES FOR RESPONDENT'S CIVIL CONTEMPT |
| ERNESTINA SAXTON, | |
| Respondent. | |

This matter came before the Court for hearing on July 6, 2023, where Respondent Ernestina Saxton failed to appear. On that date, the Court issued a bench warrant for Respondent's arrest for failure to appear and after having been found in civil contempt of this Court. (ECF Nos. 47, 48). Respondent was arrested and brought before the Court. (ECF Nos. 50, 51.) At that hearing, the Court appointed Federal Defender Eric Kersten to represent Respondent and the parties agreed to stipulate to terms dictating Respondent's release from custody. (ECF No. 51.)

On July 11, 2023, the parties stipulated that Respondent may be released from custody upon a finding of substantial compliance by the Court. (ECF No. 58.) The parties stipulated that, once released, Respondent would produce to the United States any records responsive to the subpoenas or submit a statement that no further documents have been located. (*Id*.) Given these circumstances, the United States did not oppose Respondent's release from custody, and the Court ordered Respondent to be released. (ECF No. 62.)

On July 19, 2023, the parties extended the Respondent's deadline to submit the documents to July 26, 2023.  (ECF No. 64.)  The Court ordered Respondent to file a sworn declaration stating she produced all responsive documents.  (*Id*.)  The Court took the matter of whether to waive the contempt fine Respondent accrued under submission.  (*Id*.)   On July 26, 2023, Respondent submitted a declaration from its investigator stating more documents had been delivered.  (ECF No. 66.)  Respondent also submitted a sealing request on that date, later granted by the Court, containing her declaration of her belief that all relevant patient files she possessed had been turned over to the United States.  (ECF Nos. 68, 70.)

In addition to the government's non-opposition to Respondent's release, the Court finds Respondent has substantially complied with and has made "every reasonable effort" to comply with the Court's orders.  *See In re Dual-Deck Video Cassette Recorder Antitrust Litig*., 10 F.3d 693, 695 (9th Cir. 1993) ("'Substantial compliance' . . . is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply"); *see also Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc*., 689 F.2d 885, 892 (9th Cir. 1982); *see also Gen. Signal Corp. v. Donallco, Inc*., 787 F.2d 1376, 1379 (9th Cir. 1986) ("If a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvert[e]nt violations of the order will not support a finding of civil contempt"); *see also  N.L.R.B. v. A-Plus Roofing, Inc*., 39 F.3d 1410, 1418 (9th Cir. 1994) ("[D]ocument production constitute[s] substantial compliance" and "substantial compliance purges civil contempt").

As the Court has held Respondent in further contempt with coercive imprisonment and because Respondent has purged that contempt with substantial compliance, the Court waives the contempt fine Respondent owes.  At this stage, imposing that fine may be improperly punitive.  *See Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (finding "if contemnor has no subsequent opportunity to reduce or avoid imprisonment through compliance[,]" then measure is not coercive, but punitive, and no longer considered civil contempt); *see also Uphaus v. Wyman*, 360 U.S. 72, 81 (1959) (finding "where respondent carries keys to freedom in [her] willingness to comply with the court's directive[,]" the coercion imposed "is essentially a civil remedy" properly exercised "to secure compliance with judicial decrees" (internal quotations omitted)).)

Accordingly, the Court recalls the bench warrant issued July 6, 2023, (ECF Nos. 47, 48) and releases Respondent from the civil contempt fine accruing since this Court's October 24, 2022, order (ECF No. 30).

IT IS SO ORDERED.

Dated:   August 11, 2023                    _____
                                                  UNITED STATES DISTRICT JUDGE